GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

CEFERINO JACOBS, Defendant

Criminal No. 30-71

Municipal Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

September 30, 1971

JEFFREY L. RESNICK, Assistant Attorney General, *for the plaintiff*

WINSTON A. HODGE, ESQ., St. Croix, V.I., *for the defendant*

JOSEPH, *Judge*

## OPINION

Motion to quash search warrant and suppress evidence.

Defendant, by motion moves to quash a search warrant which directed peace officers to his residence at #85 Clifton Hill, and to suppress all evidence seized therein pursuant to said warrant. The warrant authorized officers to search for a blue steel, brown handle .32 caliber German pistol. The weapon was recovered and formed the basis of a criminal action for the possession of an unregistered firearm.

Jacobs challenges the issuance of the search warrant and subsequent seizure of evidence on grounds that: (1) The affidavit upon which the warrant was issued failed to establish probable cause; (2) the property ordered seized contravened the requirements of 5 V.I.C., Section 3902, and (3) his (Jacob's) rights under the Fourth Amend-

ment of the U.S. Constitution, the Revised Organic Act of the Virgin Islands and Rule 41 of the Federal Rules of Criminal Procedure were abridged.

I

■■ It is well established that a magistrate may not properly issue a warrant for search of a private dwelling without probable cause. Government of the Virgin Islands v. Rijos (D.C.V.I. 1968) 6 V.I.C. 475, 285 F.Supp. 126. This Court finds that the facts supplied in the affidavit upon which the warrant was issued were sufficient to support a finding of probable cause by the issuing Court.

The affidavit in question was submitted on January 27th, 1971, by Patrolman Adelbert Bryan to a judge of the Municipal Court as an application for a search warrant to search the premises of Defendant Ceferino Jacobs at Old Marley Project, Building 12, Apartment 22 and at #85 Clifton Hill. The affidavit recited that Bryan had received information from Dean Hodge, "an honest and reliable citizen employed as a teacher at the St. Croix Central High School, and the manager of a security agency known as Island Security Agency" that Hodge had been given a brown, hand sewn holster with a closing device consisting of an old fashioned brown pearl button, from a man named Ulysses Howell, Jr. Howell told Hodge that the holster had been left in the former's car after it had apparently fallen from a duffle bag which had been used when Howell helped Defendant transport the latter's belongings from the Old Marley Project to Estate Clifton Hill. Bryan stated in his affidavit that he recognized the holster as one handmade by his now deceased father, Wilmot Bryan, and that this holster contained therein "a German Mauser .32 caliber pistol which was stolen from #21 Queen Street, Frederiksted, approximately one year ago."

14

Dean Hodge submitted an accompanying affidavit which sets forth essentially the same facts.

■ The defendant claims these affidavits were based upon mere suspicion and "double hearsay" rather than probable cause. This court finds otherwise. As Plaintiff points out, an affidavit for search warrant, in situations where informers are relied on, may be based on hearsay as long as the person issuing the search warrant is informed of some of the *underlying circumstances* relied on by the person providing the information and some of the underlying circumstances from which the affiant could conclude that the informant was credible or his information reliable. Aguilar v. Texas, 378 U.S. 108 (1964).[1] Italics supplied.

■ We find that the affidavits, taken together, clearly provide sufficient detail of the requisite "underlying circumstances" upon which Bryan relied in making his application for a warrant.[2] (See Spinelli v. U.S., 393 U.S. 410 at 417.) Although Dean Hodge was described in Bryan's affidavit as an "honest and reliable citizen", no mention was made in either affidavit of Howell's credibility or reliability. Under the facts of this case, however, we do

---

[1] Affidavit submitted in Aguilar merely stated: "affiants have received reliable information from a credible person and do believe that heroin . . . and other narcotics . . . are being kept at the above premises for the purpose of sale and use contrary to the provisions of the law." No additional information was recited. The Supreme Court held that the affidavit failed to show probable cause. The Court stated that although an affidavit supporting a search warrant may be based on hearsay information and need not reflect the personal observations of the affiant, the magistrate must be informed of some of the underlying circumstances relied on by the person providing the information and some of the underlying instances from which affiant concluded that informant was credible or his information reliable. 378 U.S. at 110–115.

[2] In Spinelli, the FBI submitted an affidavit stating that it had been informed "by a confidential and reliable informant" that petitioner was running a bookmaking operation. The Supreme Court held that the informer's tip was inadequate under standards of Aguilar since it did not set forth any reason to support a conclusion that informant was "Reliable" nor did it sufficiently state the underlying circumstances from which the informant could conclude petitioner was running a bookmaking operation or sufficiently detail his activities to enable Commissioner to know that he was relying on more than casual rumor or general reputation. 393 U.S. at 415–417.

not think this omission was fatal to the legality of the subsequent warrant. As the District Court stated in Government v. Rijos,[3] 6 V.I. 475 at 487, when it quoted language from Jones v. United States, 362 U.S. 257 "[an officer] may rely upon information received through an informant, rather than upon his direct observations as long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." This view was originally expressed by the U.S. Supreme Court in Draper v. U.S., 358 U.S. 307 (1958) and was stated in Spinelli, to have continuing validity after Aguilar.

In the instant case, Patrolman Bryan had personal knowledge of the holster and the circumstances surrounding its earlier disappearance. This personal knowledge was an adequate "underlying circumstance" from which the affiant Bryan could conclude that the information he had received from the informants was reliable, regardless of the unstated nature of Howell's credibility.[4] Probable cause existed for the issuance of the warrant.

## II

■ Defendant's contention that the property ordered seized pursuant to the warrant contravened the requirements of 5 V.I.C., Section 3902 is without merit. The warrant, commanding any peace officer in the District to search for an allegedly stolen .32 caliber German Mauser in two clearly designated areas, was issued pursuant to the statute.

---

[3] The facts presented before the issuing officer in this case were that a named informant had purchased marijuana from the defendant in the past and, at the instigation of police, had purchased additional marijuana which was subsequently examined by affiant and concluded to be marijuana. Although this prior information had never led to any arrests, the fact was held not to be controlling by the Court since probable cause requires less evidence than would justify a conviction and since the officer in that case was able to independently corroborate the informer's hearsay evidence using his own personal knowledge of the facts. 6 V.I. at 486–487.

[4] The Seventh Circuit has stated that in an inherently defective hearsay on hearsay situation (no indication in that case as to the reliability of an anonymous hearsay source) an affidavit would withstand attack "only if the supporting circumstances related therein are sufficient in themselves to establish probable cause." U.S. v. Roth, 391 F.2d 507, 511 (1967).

## III

Defendant's final contention that the issuance of the warrant and subsequent search abridged his rights as set forth in the Constitution, Organic Act, and Rule 41 of the Federal Rules of Criminal Procedure, is a bald allegation unsupported by facts or argument. It is sufficient that probable cause existed for the issuance of the warrant, and that the warrant was issued in accordance with the governing statute.

Motion denied.